ODOM, Justice.
 

 The district attorney filed a bill of information against the defendant charging that
 
 *26
 
 he did on July 7, 1934, “unlawfully conduct •and operate a card game in which money or the representatives of money, was bet, wagered and hazarded within five miles of the Louisiana State Normal College, located at Natchitoches, Louisiana.”
 

 The charge was brought under Act No. 17 nf 1926, the title of which reads as follows:
 

 “An Act to prohibit gambling with cards for money, or the representatives of money, within five miles of the Louisiana State Normal College, located at Natchitoches, Natchitoches Parish, Louisiana; to declare the same a misdemeanor, and to provide a'penalty for the violation thereof. * * * ” t
 

 Section 1 of the act reads as follows:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That the conducting, operating, running, managing, or ‘cutting,’ or participating in a card game in which money, or the representatives of money, is bet, wagered or hazarded, within five miles of the Louisiana State Normal College, located at Natchitoches, Natchitoches Parish, State of Louisiana, be and the same is hereby prohibited dnd declared to be a misdemeanor.”
 

 Defendant moved to quash the bill of information on the ground that Act No. 17 of 1926, under which the charge was brought, is unconstitutional “in that the provisions of •section 1 are broader than the title, thereby violative of section 16, art. 3 of the Gon.stitution.”
 

 The motion to quash was sustained, and the ■defendant was ordered discharged. The state appealed.
 

 Section 16, art. 3 of the Constitution, reads us follows:
 

 “Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.”
 

 Clearly, the object of this act was just what the title says, “to prohibit gambling with cards for money * *
 
 *
 
 within five miles of the Louisiana State Normal College.” One way to “prohibit” gambling with cards is to make it unlawful for any person to conduct or operate a card game in which money is bet, wagered, or hazarded, and that is what the body of the act does. The transitive verb “conduct,” says Webster, “stresses the idea of immediate supervision or personal leadership.” It means to lead, to have direction of, to manage, to direct, to carry on. That is the sense in which the word is used in the body of the act. The word “operate,” as used in the body of the act, is a transitive verb which means “to bring about, to put into or continue in operation or activity; to manage, to conduct; to carry out or through : to work, as to operate a machine.” Webster
 

 The word “prohibit,” as used in the title of the act, means “to prevent, to debar, to hinder.” In order to prevent, debar, or hinder gambling with cards within five miles of the college, it was made unlawful not only to participate in the gambling game, but unlawful also to conduct or operate such game, all of which is germane to the object of the act, which is to “prohibit” gambling.
 

 If the expressed object of the act had been only to make participation in a card game where money is bet a misdemeanor, there would be some force in counsel’s contention. But the title is broader. The word “prohibit” is used, and that makes it broad enough to include whatever acts may be done in im
 
 *28
 
 mediate connection with the gambling game. The act is not amenable to the objection that its body is broader than its title. We think it is constitutional.
 

 For the reasons assigned, the judgment appealed from is reversed and set aside, and it is now ordered that the case be reinstated on the docket of the Tenth judicial district court for the parish of Natchitoches, to be disposed of according to law.